# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

GALE HOWARD,

        Plaintiff,

v.                                                   Case No. 6:16-cv-300-Orl-18TBS

BURLESON SERVICES, INC.,
        Defendant.

---

# ORDER

THIS CAUSE comes for consideration on Plaintiff Gale Howard's ("Howard") Motion for Entry of Default Final Judgment Against Defendant Burleson Services, Inc. (Doc. 33) (the "Motion"), which the Court referred to United States Magistrate Judge Thomas B. Smith for a report and recommendation. On March 23, 2017, Judge Smith issued a Report and Recommendation (Doc. 39) recommending that the Court deny Howard's Motion and dismiss the case for lack of subject matter jurisdiction. (Doc. 39 at 4.) Howard filed objections to the Report and Recommendation on March 29, 2017 (Doc. 40), and Cross-Plaintiff Chase Bank USA, N.A. ("Chase") filed objections to the Report and Recommendation on April 5, 2017 (Doc. 41). Upon de novo review of the portions of the Report and Recommendation that Howard and Chase object to, the Report and Recommendation is approved and adopted.

## I. BACKGROUND

Howard filed the Complaint (Doc. 1) in this action on February 19, 2016. In Counts I and II of the Complaint, respectively, Howard claims that Defendant Burleson Services, Inc. ("Burleson") violated 16 C.F.R. § 429.1 and Florida's Unfair and Deceptive Trade Practices Act, section 501.021, *et seq.*, Florida Statutes. (Doc. 1 ¶¶ 30-50.) In Count III, Howard asserts a claim

against JPMorgan Chase & Co ("JPMC") for violation of the Truth and Lending Act, 15 U.S.C. § 1666i. (*Id.* ¶¶51-61.) Chase answered the Complaint, and, upon Chase and Howard's stipulation, the Court named Chase as the proper party-defendant and dismissed JPMC without prejudice. (*See* Doc. 20; Doc. 21.)

After Burleson failed to respond to the Complaint, and upon Howard's Motion for Default (Doc. 23), the Clerk entered a default against Burleson on May 9, 2016 (Doc. 24). Chase filed its First Amended Answer, Affirmative Defenses, and [Crossclaims] on June 22, 2016 (Doc. 29). Chase's crossclaims against Burleson are for indemnification and contribution. (*Id.* at 14.) After Burleson failed to respond to Chase's crossclaims, and upon Chase's Motion for Default (Doc. 30), the Clerk entered a default against Burleson on August 3, 2016 (Doc. 32). Howard filed the instant Motion on March 7, 2017 (Doc. 33). Subsequently, on March 7, 2017, Howard filed a Stipulation of Dismissal (the "Stipulation") (Doc 34) in which the parties stipulated to dismiss "Count III against [Chase] with prejudice." (*Id.* at 1.) The Court granted the Stipulation on March 8, 2017, and directed the Clerk to terminate Chase. (Doc. 35.)

Prior to issuing its Report and Recommendation on the Motion, on March 13, 2017, Judge Smith ordered Howard to show cause why the case should not be dismissed based upon Howard's failure to timely serve Burleson and because the Court lacks subject matter jurisdiction over Howard's claims against Burleson. (Doc. 36 at 1.) Howard filed a response addressing service of process on March 16, 2017 (Doc. 37) and filed a supplemental response addressing subject matter jurisdiction on March 23, 2017 (Doc. 38). The Report and Recommendation was filed just minutes after Howard's supplemental response. Therefore, and understandably, the Report and Recommendation states that Howard "failed to address the Court's jurisdictional inquiry." (Doc. 39 at 2.)

2

The Report and Recommendation recommends that the Court deny Howard's Motion and dismiss the case for lack of subject matter jurisdiction. (*Id.* at 4.) Additionally, the Report and Recommendation characterizes the Stipulation as dismissing Chase from the case altogether, noting that Chase's crossclaims against Burleson "became moot when Chase was dismissed as a defendant." (*Id.* at 2 n.2.) In her objections to the Report and Recommendation, Howard requests that "the Court consider her jurisdictional arguments raised within her Supplemental Response (Doc. 38) when the Court is considering whether to dismiss this action for lack of subject matter jurisdiction." (Doc. 40 at 2.) Specifically, Howard's Supplemental Response asserts that "the Court has the authority to exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(a)." (Doc. 38 at 2.) Chase likewise "objects to dismissal of this action on subject matter jurisdiction grounds." (Doc. 41 at 7.) Additionally, Chase "objects to the [Report and Recommendation's] characterization of the stipulation between [Howard] and Chase and Chase's dismissal." (*Id.* at 6.)

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1367, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Supplemental jurisdiction, however, "need not be exercised in every case in which it is found to exist," as it is a "doctrine of discretion, not of plaintiff's right." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). In fact, subsection (c) of 28 U.S.C. § 1367 provides four occasions when a district court may decline to exercise supplemental jurisdiction otherwise within its power. *See* 28 U.S.C. § 1367(c). One of

these occasions is when "the district court has dismissed all claims over which it has original jurisdiction." *Id.*

## III. ANALYSIS

As an initial matter, the Court rejects Chase's objection to the Report and Recommendation's characterization of the stipulation between Howard and Chase. The Court agrees with the Report and Recommendation that, while the Stipulation did not address Chase's crossclaims against Burleson for indemnification and contribution, "those claims obviously became moot when [Chase] was dismissed as a defendant." *McGrath v. Poppleton*, 550 F. Supp. 2d 564, 570 n.10 (D. N.J. 2008) (dismissing as moot defendant's crossclaims for indemnification and contribution after defendant was dismissed as a party-defendant via stipulation).

Count III of Howard's complaint alleged a cause of action against Chase that was based upon a federal statute, thereby invoking the Court's federal question jurisdiction. Now that Chase has been dismissed as a defendant and its crossclaims have become moot, Howard's only remaining claims are against Burleson under 16 C.F.R. § 429.1 and Florida's Unfair and Deceptive Trade Practices Act. The Court agrees with the Report and Recommendation that because there is no private right of action under the Federal Trade Commission Act, it follows that there is no private right of action to enforce the FTC's promulgated 16 C.F.R. § 429.1. *See Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1174 n.5 (11th Cir. 1985) (citation omitted) ("no implied private right of action under FTC Act"). Accordingly, Howard's only remaining claim against Burleson is pursuant to Florida's Unfair and Deceptive Trade Practices Act. Because the Court has dismissed all claims over which it has original jurisdiction, the Court declines to exercise supplemental jurisdiction over Howard's remaining state law claim.

## IV. CONCLUSION

After de novo review of the portions of the Report and Recommendation which Howard and Chase object to, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. United States Magistrate Judge Thomas B. Smith's Report and Recommendation (Doc. 39) is **APPROVED** and **ADOPTED** and is made part of this Order for all purposes, including appellate review;
2. Plaintiff Gale Howard's Motion for Entry of Default Final Judgment Against Defendant Burleson Services, Inc. (Doc. 33) is **DENIED**;
3. This action is **DISMISSED** for lack of subject matter jurisdiction;
4. Plaintiff Gale Howard and Cross-Plaintiff Chase Bank USA, N.A.'s Joint Motion to Continue Trial and Amend the Case Managing and Scheduling Order (Doc. 42) is **DENIED** as moot.
5. The Clerk of the Court is directed to **ENTER JUDGMENT** accordingly and **CLOSE** the case.

**DONE** and **ORDERED** in Orlando, Florida on this \_\_\_8\_\_\_ day of May, 2017.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

Unrepresented Parties